UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GREGORY GOZZO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 16-10499-LTS |
| | ) | |
| WELLS FARGO BANK, NA, SAND CANYON CORP., and OCWEN LOAN SERVICING, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER ON MOTIONS TO DISMISS (DOC. NOS. 25, 49) AND MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. NO. 59)

March 21, 2017

SOROKIN, J.

Plaintiff Gregory Gozzo has filed a First Amended Complaint. Doc. No. 22. Subsequently, he has voluntarily dismissed two defendants named therein, Altisource and H&R Block. Doc. Nos. 53, 73. Defendants Option One Mortgage Co. and Sand Canyon Corp. have moved for judgment on the pleadings. In response, Gozzo has voluntarily dismissed against Option One. Doc. No. 74. In both the First Amended Complaint, Doc. No. 22-3 at 3, and the Motion for Judgment on the Pleadings, Doc. No. 60 at 1 n.1, the parties represent that Option One and Sand Canyon are the same company. Therefore, the Court interprets Plaintiff's Motion for Voluntary Dismissal as to Option One as a voluntary dismissal of Sand Canyon as well. Sand Canyon is voluntarily DISMISSED. Accordingly, the Motion for Judgment on the Pleadings, Doc. No. 59, is DENIED AS MOOT. Defendant Wells Fargo has moved to dismiss, Doc. No. 25, Gozzo opposed, Doc. No. 38, and Wells Fargo replied, Doc. No. 45. Defendant Ocwen Loan

Servicing has moved to dismiss, Doc. No. 49, advancing similar grounds to Wells Fargo and Plaintiff opposes, Doc. No. 75, relying upon its opposition to Wells Fargo's motion.

FACTS

On July 15, 2005, Option One issued a loan to Gozzo for $389,500.00. Doc. No. 22-3 at 4. Gozzo signed a Note payable to Option One. Id. As security for the Note, Gozzo granted a mortgage encumbering the property located at 46 Arcadia Street in Revere, MA. Id. The mortgage was an adjustable rate mortgage with an initial annual interest rate of 7.29%. Id. Every six months, the Note holder would calculate the new rate as 6.39% over the then-prevailing London Interbank Offer Rate (LIBOR). Id. The contract provided a minimum rate of 7.29% and a maximum rate of 13.29%. Id.

Wells Fargo is the current holder of the Note and Mortgage. Id. at 5. On November 9, 2015, Gozzo was sent a notice of delinquency by Korde & Associates stating "our intention on November 30, 2015 at 2:00pm to foreclose by sale under power of sale for breach of conditions, and by entry." Id. Gozzo was sent another delinquency notice from Ocwen Loan Servicing on November 17, 2015, which stated that Gozzo was "2999 days delinquent on [his] mortgage loan," that he "first became delinquent on 09/02/07" and that he "must pay" $324,727.88 to be current on his payments. Id. at 5–6.

Ocwen sent a "Pre-Foreclosure Referral Letter" dated November 27, 2015, which stated that "Your mortgage payments are past due, which puts you in default of your loan agreement and the property may be referred to foreclosure after 14 days from the date of this letter." Id. at 6 (emphasis omitted). The letter stated that the total due was $321,636.12: $286,005.18 in principal and interest, $18,363.00 in escrow, $1,693.03 in late charges, and $15,574.91 in fees and expenses. Id.

A foreclosure sale was held on November 30, 2015, and Wells Fargo bought the property. Id. On January 7, 2016, Gozzo received a letter from Korde & Associates addressed to "Occupant or Tenant" and "advised that a foreclosure sale was held 11/30/2015 regarding a mortgage given by Gregory Gozzo to Option One Mortgage Corporation. The purchaser at the foreclosure sale was Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2005-4, Asset-Backed Certificates, Series 2005-4." Id. at 6–7.

In early April 2016, Gozzo received a notice to quit from Orlans/Moran stating that Wells Fargo was the current owner of the property "pursuant to a foreclosure deed recorded . . . on January 26, 2016 . . . as the result of a foreclosure sale that was held at the Property on November 30, 2015 pursuant to Mass. Gen. Laws c-244 §14." Id. at 7. The notice stated that Wells Fargo "hereby terminates your occupancy of the Property" and instructed Gozzo "to vacate, remove all personal belongings from and surrender possession of the Property . . . within seventy two (72) hours after service on you of this notice" or Wells Fargo "will proceed with a court action to evict you." Id.

ANALYSIS

When considering a motion to dismiss, the Court "must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Dismissal for failure to state a claim is appropriate when the pleadings set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delhanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

To the extent that Gozzo asserts claims arising out of the initial contract and the conduct surrounding it, those claims are time barred. Gozzo's first cause of action for an unconscionable contract is subject to a six-year statute of limitations. Mass. Gen. Laws ch. 260, § 2. The contract was signed in 2005 and the statute of limitations expired in 2011 and the Court does not find Gozzo's argument that the claim did not accrue until later persuasive considering that the terms of the contract were clearly set out when it was signed. See DaSilva v. U.S. Bank, N.A., 885 F. Supp. 2d 500, 504 (D. Mass. 2012) ("A violation involving an issuance of a loan begins to accrue from the moment the parties entered into the loan." (citing Maldonado v. AMS Servicing LLC, Civ. A. Nos. 11-40044-FDS, 11-40219-FDS, 2012 WL 220249, at *5 (D. Mass. Jan. 24, 2012))) Thus, the Motions to Dismiss are ALLOWED as to Gozzo's claim for unconscionable contract (claim one). As to Gozzo's other claims, to the extent they are based on the original contract the claims are time barred. See Mass. Gen. Laws ch. 260, § 2A (three-year statute of limitations for tort claims); Mass. Gen. Laws ch. 260, § 5A (four-year statute of limitations for section 93A claims). Below, the Court considers the claims only as to the more recent conduct related to the 2015 foreclosure.

As to Gozzo's negligence claims (claims three and eight), both Wells Fargo and Ocwen assert that they owed Gozzo no duty of care. "[I]t is axiomatic that duty is a necessary ingredient of an action for negligence." Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 239 (1st Cir. 2013). Under Massachusetts law, "a lender owes no general duty of care to a borrower." Corcoran v. Saxon Mortg. Servs., Inc., Civ. A. No. 09-11468-NMG, 2010 WL 2106179, at *4 (D. Mass. May 24, 2010). Additionally, "[i]t is well established that a lender owes no duty of care to a borrower when the institution's involvement in the transaction does not exceed the scope of its conventional role as a mere lender of money." Huerta v. Ocwen Loan Servicing,

4

Inc., No. C 09-05822(HRL), 2010 WL 728223, at *4 (N.D. Cal. Mar. 1, 2010) (quotation marks omitted). Gozzo points the Court to no authority suggesting that either Wells Fargo or Ocwen owed him a duty of care and the Court is unaware of any such authority. Gozzo responds to the argument by merely quoting from the complaint that "the Defendants owed Plaintiff a duty not to proceed with a mortgage arrangement that was highly likely to result in default in the event of any significant hike in the adjustable rate and monthly payment." Doc. No. 22-3 at 12. That is insufficient and devoid of any legal justification suggesting the duty of care existed.[1] Thus, the Motions to Dismiss are ALLOWED as to claims three (negligence) and eight (negligent infliction of emotional distress).

Gozzo asserts a claim for negligent misrepresentation based on the November 27, 2015 letter. To show negligent misrepresentation, Gozzo must show that Defendants "(1) in the course of [its] business, (2) supplied false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance on the information, and that he (6) failed to exercise reasonable care or competence in obtaining or communicating the information." Gossels v. Fleet Nat. Bank, 902 N.E.2d 370, 377 (Mass. 2009). At no point in his complaint does Gozzo assert that he justifiably relied on the fourteen-day window that the letter provided. Thus, the Motions to Dismiss claim four are ALLOWED.

Gozzo claims unjust enrichment against both Ocwen and Wells Fargo. Gozzo alleges that the transfer "constitutes unjust enrichment by virtue of the acquisition of title to real property of

---

[1] Even if Gozzo pointed to an applicable duty of care that would have imposed a duty on Defendants not to issue a loan to him under the circumstances, any negligence claim arising out of a breach of that duty of care would have accrued at the time of the loan and been subject to a three-year statute of limitations. Thus, the claim would be time barred.

significant monetary value to the detriment of plaintiff's own financial circumstance." Doc. No. 22-3 at 13. Under Massachusetts law, "[o]rdinarily, a claim of unjust enrichment will not lie 'where there is a valid contract that defines the obligations of the parties.'" Metro. Life Ins. Co. v. Cotter, 984 N.E.2d 835, 849 (Mass. 2013) (quoting Bos. Med. Ctr. Corp. v. Sec'y of the Exec. Office of Health & Human Servs., 974 N.E.2d 1114, 1132 (Mass. 2012)). As the relationship between Gozzo and Wells Fargo is defined by the contract, Wells Fargo's Motion to Dismiss the claim for unjust enrichment is ALLOWED. As to Ocwen, Gozzo has failed to present facts allowing the inference that Ocwen was unjustly enriched to Gozzo's detriment. Wells Fargo held the Note and Mortgage and was the buyer at the foreclosure sale. Absent allegations that Ocwen somehow benefitted to Gozzo's detriment from the sale, Gozzo has not met the pleading requirements for an unjust enrichment claim. Ocwen's Motion to Dismiss the unjust enrichment claim (claim 5) is ALLOWED.

Ocwen asserts that Gozzo's claim for "breach of express representation" should be dismissed because it "is not a recognized cause of action in the Commonwealth." Doc. No. 50 at 9. Gozzo points to no law suggesting that the cause of action exists. Thus, the Motions to Dismiss the breach of express representation claim (claim six) are ALLOWED. The Court notes, however, that the allegations are largely duplicative of Gozzo's claim for a breach of the duty of good faith and fair dealing and that the allegations are considered under that claim.

Gozzo asserts a claim for the breach of the duty of good faith and fair dealing. As mentioned above, assertions related to the origination of the contract are time barred. Thus, the Court's analysis will focus on the assertions related to the November 27, 2015 letter. As to Ocwen, the Motion to Dismiss claim seven is ALLOWED because Ocwen was not a party to the contract. See Mass. Eye & Ear Infirmary, 412 F.3d at 230. Wells Fargo, however, was in a

contractual relationship with Gozzo. Wells Fargo argues that Gozzo has not sufficiently pled that it was responsible for the November 27, 2015 letter. As Gozzo points out, however, a mortgage servicer is considered to be an agent of the mortgagee under First Circuit law so no specific allegation was required. See Kolbe v. BAC Home Loans Servicing, LP, 738 F.3d 432, 444 n.1 (1st Cir. 2013).

In the context of a foreclosure sale, "a mortgagee in executing a power of sale contained in a mortgage is bound to exercise good faith and put forth reasonable diligence. Failure in these particulars will invalidate the sale even though there be literal compliance with the terms of the power." Lo v. Fed. Home Loan Mortg. Corp., No. 08-0822, 2011 WL 8008118, at*4 (Mass. Super. May 29, 2012) (quoting Sandler v. Silk, 198 N.E. 749, 751 (Mass. 1935)). "This duty is satisfied if a mortgagor complies with the statutory foreclosure requirements, unless the mortgagee's conduct manifested fraud, bad faith, or the absence of reasonable diligence in the foreclosure sale process." Shaw v. Bank of Am., NA, No. 10-cv-11021, 2015 WL 224666, at *7 (D. Mass. Jan. 15, 2015) (quotation marks omitted). "The mortgagee's duty is more exacting when it becomes the buyer of the property, where he will be held to the strictest good faith and the utmost diligence for the protection of the rights of his principal." Id. (quoting Ryan v. Mez, LLC, No. 06-0463-B, 2008 WL 2415177, at *2 (Mass. Super. June 9, 2008)). "In claims for a breach of the duty of good faith and reasonable diligence, Massachusetts courts have placed emphasis on a mortgagee's duty to protect the mortgagor's interest by seeking a reasonable foreclosure price and ensuring that the mortgagor has notice of the sale." Alpino v. JPMorgan Chase Bank, Nat'l Ass'n, Civ. A. No. 10-12040-PBS, 2011 WL 1564114, at *6 (D. Mass. Apr. 21, 2011). Given that the letter sent to Gozzo listed the incorrect date for the foreclosure sale, the extremely short window between the letter and the sale, and that Wells Fargo ultimately

purchased the property, Wells Fargo's Motion to Dismiss claim seven is DENIED. See Ryan v. MEZ, LLC, No. 06-0463-B, 2008 WL 2415177, at *3 (Mass. Super. June 9, 2008) (citing Bon v. Graves, 103 N.E. 1023, 1026 (Mass. 1914)).

Gozzo's claim for breach of contract alleges negligent infliction of emotional distress (and, in fact, is a word-for-word copy of Gozzo's claim for negligent infliction of emotional distress). As above, Ocwen is not a party to the contract and thus its Motion to Dismiss the claim is ALLOWED. "In order to state a viable breach of contract claim under Massachusetts law, plaintiffs must prove that a valid, binding contract existed, the defendant breached the terms of the contract, and the plaintiffs sustained damages as a result of the breach." Brooks v. AIG SunAmerica Life Assur. Co., 480 F.3d 579, 586 (1st Cir. 2007) (citing Michelson v. Digital Fin. Servs., 167 F.3d 715, 720 (1st Cir. 1999)). Gozzo alleges the existence of the mortgage contract. However, he has failed to allege a breach of that contract. By its terms, the contract allows the lender to invoke the statutory power of sale by following "applicable law"; there is no requirement of a notice period beyond that prescribed by law. Doc. No. 25-2 at 6. Without more, Gozzo has not alleged an actionable claim for breach of contract. Therefore Wells Fargo's Motion to Dismiss the breach of contract claim (claim nine) is ALLOWED.[2]

Gozzo argues that the November 27, 2015 letter serves as a basis for promissory estoppel. A claim for promissory estoppel requires three elements: "(1) a promisor makes a promise which

---

[2] Gozzo also makes vague allegations in his complaint to the underwriting practices involved in the loan. The lengthy quotation Gozzo includes from a press release about Wells Fargo's loan practices discusses underwriting practices from 2001 to 2005. As discussed above, claims arising from the circumstances of the origination of the loan are time barred. Gozzo does not allege any problematic underwriting practices within the statute of limitations. His vague allegation that Wells Fargo "at the time of its alleged acquisition or earlier, knew that inadequate underwriting had been performed" is insufficient. Doc. No. 22-3 at 5.

he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise." <u>Dill v. Am. Home Mortg. Servicing, Inc.</u>, 935 F. Supp. 2d 199, 304 (D. Mass 2013). Arguably, Gozzo's complaint fails to allege that the promise of fourteen days before foreclosure induced him to take some action or inaction, for example that he would have returned sooner had he known the sale would take place after three days. The Court need not decide that issue, however, because Gozzo's claim fails on the third element. He has alleged no injustice he suffered beyond the sale occurring earlier than the letter stated. There is no allegation that he would have been at the sale had he known it would occur earlier, what he would have done had he known the sale would occur earlier, or an intention to pay the balance on the mortgage. The only injustice alleged is that the sale happened earlier than anticipated. Under these circumstances, the Motions to Dismiss count ten are allowed.

Gozzo alleges a violation of Mass. Gen. Laws ch. 244, § 1. That section covers foreclosure by entry or action. Here, the foreclosure was by sale. A foreclosure under power of sale is covered by a different section, Mass. Gen. Laws ch. 244 § 14, and has separate procedure and notice requirements. <u>See</u> <u>Bank of N.Y. v. Bailey</u>, 951 N.E.2d 331, 334 n.10 (Mass. 2011) (noting that a defect in a foreclosure by sale is irrelevant after a proper foreclosure by entry). A foreclosure by sale does not need to follow the requirements for a foreclosure by entry. Gozzo does not allege that Defendants failed to follow the proper foreclosure by sale procedures. Thus the Motions to Dismiss claim eleven are ALLOWED.

Both Ocwen and Wells Fargo assert that Gozzo's 93A claim should be dismissed because he failed to send a 93A demand letter prior to initiating suit. While the Court understands that the

letter has since been sent, see Doc. No. 38 at 7, that is not sufficient as the existence of the letter is not alleged in the complaint as is required under Massachusetts law.[3] "Before bringing suit under [section 93A], a plaintiff must mail to the defendant a 'written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon.'" Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004) (quoting Mass. Gen. Laws. ch. 93A, § 9(3)). The demand letter must be sent no fewer than thirty days before filing suit. Id. "The statutory notice requirement is not merely a procedural nicety, but, rather, 'a prerequisite to suit.'" Id. (quoting Entrialgo v. Twin City Dodge, Inc., 333 N.E.2d 202, 204 (Mass. 1975)). Additionally, state law requires that this element be alleged in the complaint. Id. Under this procedural requirement, the Court ALLOWS Ocwen's Motion to Dismiss the 93A claim as Gozzo has not alleged that Ocwen has been sent a 93A demand letter. As to Wells Fargo, Gozzo's opposition to the Motion to Dismiss includes a Motion to Amend to add the details of the 93A letter. Because the amendment would add only that Wells Fargo had been sent the 93A demand letter, the Court will consider whether such an amendment would be futile, i.e. whether Gozzo has met the other elements of a 93A claim.

To allege a violation of chapter 93A a plaintiff must show that the defendant engaged in trade or business and committed an unfair or deceptive practice causing economic injury to the plaintiffs. Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 69 (1st Cir. 2009) (citing Mass. Gen. Laws ch. 93A § 2). In other words, courts "look to (1) whether the practice . . . is within at least the penumbra of some common-law, statutory or other established concept of fairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3)

---

[3] As the Court understands Gozzo's statement, the demand letter was sent only to Wells Fargo. Thus, the letter does nothing to solve the deficiencies in Gozzo's claim against Ocwen.

whether it causes substantial injury to consumers (or competitors or other businessmen)." Id. (quoting Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 243 (1st Cir. 2005)) (alterations in original). As the Court concluded above that Gozzo's claim for a violation of the duty of good faith and fair dealing survives, Gozzo's 93A claim survives as well. See Santander Bank, N.A. v. Baldwin Realty, LLC, No. 2015 WL 1781741, at *10 (D. Mass. Apr. 17, 2015) ("Because the pleaded facts state a valid claim for breach of the mortgagee's duty of good faith and reasonable diligence, they also could support a finding that the Bank engaged in conduct that is 'within at least the penumbra of some common-law . . . concept of unfairness.'" (quoting Cummings v. HPG Int'l Inc., 244 F.3d 16, 25 (1st Cir. 2001)) (alteration in original)). Wells Fargo's Motion to Dismiss the 93A claim is DENIED and Gozzo's Motion to Amend the complaint to add the allegations about the demand letter is ALLOWED.

## CONCLUSION

For the reasons stated above, Ocwen's Motion to Dismiss, Doc. No. 49, is ALLOWED and Wells Fargo's Motion to Dismiss, Doc. No. 25, is ALLOWED IN PART and DENIED IN PART. Gozzo's Motion to Amend is ALLOWED for the limited purpose of adding the allegations about the 93A demand letter against Wells Fargo. Gozzo shall file an Amended Complaint within seven days of this Order. The Court will hold a Rule 16 conference on April 11 at 2:00 pm in Courtroom 13.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge